CATES, P. J., and ALMON and De CARLO, JJ., concur.

TYSON, J., concurs in the result.

269 So.2d 924

Carl HAMMONDS

v.

STATE.

8 Div. 182.

Court of Criminal Appeals of Alabama.

Nov. 21, 1972.

Ford, Caldwell, Ford & Payne, Huntsville, for appellant.

**212**

William J. Baxley, Atty. Gen., and Joseph G. L. Marston, III, Asst. Atty. Gen., for the State.

VIRGIS M. ASHWORTH, Circuit Judge.

Defendant was convicted of burglary in the second degree before the Circuit Court of Madison County, Hon. John David Snodgrass, Judge, presiding, and was adjudged guilty by the Court, and as punishment for said offense was sentenced to imprisonment in the state penitentiary for six (6) years.

## I.

R. C. Grigsby owned the Terry Heights Grocery located at 2415 Holmes Avenue N. W., Huntsville, Madison County, Alabama. On the night of December 20, 1969, the Terry Heights Grocery was broken into. Two officers, Harvey Dunaway and H. T. Quillen, were on a stakeout across the street when the burglary took place. The defendant and a person by the name of Genie R. Burney, Jr., were arrested by Officers Dunaway and Quillen at the scene. During the arrest the defendant was injured by a gunshot wound in the back. The defendant was taken to the Huntsville Hospital and entered as a patient on the morning of December 21, 1969, and remained there until he was discharged on the 29th day of December, 1969. There was an investigation of the arresting officers by the Federal Bureau of Investigation after the arrest of the defendant. During the examination of Officer Quillen the prosecuting attorney asked, "As a re-

sult of that complaint from the NAACP." To this question the attorney for the defendant objected and asked the Court to declare a mistrial as a result of this statement. The Court denied the motion for a mistrial. The prosecuting attorney made several statements to the jury during his argument which were objected to by the attorney for the defendant. The Court overruled the objections.

■ The first claim of error is that the statement made by the prosecuting attorney, "As a results of that complaint from the NAACP," supra, was so prejudicial to the defendant that it was impossible that it could be taken from the minds of the jury by the instructions of the Court for the jury to disregard same. The attorney for the defendant made a motion for a mistrial, which was overruled by the Court. The Court sustained the objection and instructed the jury as follows, "Ladies and Gentlemen, disregard the question and any answer that might have been made if one was. Don't let it affect your judgment in this case."

II.

We are of the opinion that the question would not engender such prejudice in the minds of the jury that it could not have been taken from their minds by the instructions of the Court as stated above. Therefore we find no error in the ruling of the Court.

III.

■ The second claim of error is the contention by the defendant that where as in this case, a party relies on the testimony of two witnesses who have unquestioned prejudice or bias toward the defendant and where such testimony constitutes the evidence on which the conviction is based, and where it conflicts with other testimony offered in the case, no conviction can be had as a result thereof. It is a well settled rule of law followed many times by the courts of Alabama, where a witness or wit-

nesses are biased or interested in the outcome of a case, such bias and interest goes to the weight and not the competence of the witness or the testimony given. Title 15, Section 306, of the Code of Alabama (recomp. 1958). It is a question for the jury to determine the weight and credibility to be given to the evidence given by a witness that has prejudice in his testimony.

IV.

■ The next point raised is that in the closing argument made by the prosecuting attorney there were numerous prejudicial remarks which had utterly no bearing whatsoever on any of the issues in this case. These remarks are as follows:

1. "He is guilty of a burglary, one of the 2,500 committed in your county.

2. "Every year the crime in the city is greater every year than it was the year before.

3. "The Terry Heights Grocery has been broken into so many times.

4. "I don't want to send him to the penitentiary, I want to see him stay there, and that is where he is.

5. "One reason I feel personally very strong about this is because my father was in the grocery business here in Huntsville.

6. "We have another thousand cases upstairs."

Defense counsel objected to all of the statements, all of which were overruled by the Court except statement number 4 which was sustained. The attorney for the defendant asked for a mistrial on statement number 4, which was overruled by the Court.

The authorities are abundant that to appeal to the juror's passion or prejudice is improper. In most cases withdrawal from the jury by the court or counsel works as a cure. In this case the court overruled the objection of the attorney for the defendant

to all of the foregoing statements except statement number four. In determining the question before the court, we do not believe that each of the foregoing statements must be analyzed separately to see whether or not if standing alone it would create such bias or prejudice in the mind of the jury against the defendant sufficient to impair the fair and impartial trial to which he is entitled and to which he must be assured, but we think to the contrary, that the various statements should be considered together to determine whether or not in their cumulative effect, they created a prejudicial atmosphere. It is our opinion that the various statements considered together were so prejudicial against the defendant to impair the fair and impartial trial to which he was entitled. We cite the following cases. Blue v. State, 246 Ala. 73, 19 So.2d 11; Pointer v. State, 24 Ala. App. 23, 129 So. 787; Moore v. State, 30 Ala.App. 552, 9 So.2d 146; Early v. State, 42 Ala.App. 200, 158 So.2d 495.

## V.

 The next point raised is that the trial court refused to accept in evidence in this case the entire hospital record of the defendant, Carl Hammonds, relating to the injuries he received on the night in question. The trial court permitted to come in certain hospital records to show what type injury the defendant received. The attending physician, Dr. Charles Selah, was also a witness in this case and testified as to the type of injury received by the defendant and what caused the injury. We fail to find any error in the ruling of the court in refusing to permit the entire hospital record of the defendant to be introduced in evidence.

We have considered the entire record under Code 1940, Title 15, Section 389.

The foregoing opinion was prepared by Hon. VIRGIS M. ASHWORTH, Circuit Judge, temporarily on duty on the Court pursuant to subsection (4) of Section 38, Title 13, Code 1940, as amended.

For the reasons pointed out above the judgment below is due to be reversed and the cause is remanded for new trial.

Reversed and remanded.

CATES, P. J., and ALMON, TYSON, HARRIS and DeCARLO, JJ., concur.